### HAGERTY v. ENGLE.

1. By *Rev.*, *p.* 481, § 1, a note falling due on the 30th of May, that day being a Sunday, does not become due until the Tuesday following.
2. A protest of such a note on the 29th is premature, and will not bind the endorser.

In case.   On case certified from the Warren Circuit.

For the plaintiff, *S. C. Smith.*

For the defendant, *B. C. Frost.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The question is, whether defendant can be held as the endorser of the note in suit.

This note fell due by its terms on the 30th of May, that day being the third day of grace. The 30th of May was Sunday, and, in consequence, the note was presented for payment and duly protested on the 29th.

But it is clear that by force of the act in relation to legal holidays, such presentation and protest was premature. *Rev.*, *p.* 481, § 1. By the operation of this law the note was not payable until Tuesday next after the 30th. The act is plain to this purpose. The first section designates the days which are to stand as legal holidays, the 30th of May being one of them, and the second section then provides, " that when any of the days thus set apart shall happen on Monday, all bills and notes becoming due and payable on such Monday, shall be due and payable on the Tuesday following, and that if any or either of said days shall happen on Sunday, the Monday following shall be a legal holiday, and all bills of exchange and promissory notes becoming due and payable on such days shall be become due and payable on the Tuesday following; and that when any of said days shall happen on Sunday or

Monday, it shall not be necessary to give notice of the dishonor of such bills of exchange or promissory notes until the Wednesday next after such Sunday or Monday."

It is obvious, therefore, that the present note, by the express terms of the statute, did not become due and payable until the Tuesday following Sunday, the 30th, and that consequently that the demand of payment on the 29th was a nullity, and the protest founded upon it inefficient and void.

The Circuit Court should be advised that the defendant cannot be held in this action.